IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF SOUTH CAROLINA

SPARTANBURG DIVISION

| | | |
|---|---|---|
| STATE FARM LIFE INSURANCE COMPANY, | ) ) ) | Civil Action No. |
| Plaintiff, | ) ) ) | |
| vs. | ) ) | **COMPLAINT FOR INTERPLEADER** **(Jury Trial Requested)** |
| TINA BISHOP, personally and as Personal Representative of the Estate of Jane W. Millwood, and Gettys Bryant Millwood. Defendants. | ) ) ) ) ) ) | |
| | ) ) | |

State Farm Life Insurance Company (State Farm) states the following as its complaint for interpleader pursuant to Rule 22 of the Federal Rules of Civil Procedure, and 28 U.S.C. §1335, §1397 and §2361:

### PARTIES

1.  State Farm is an insurance company incorporated in the state of Illinois with its principle place of business in the state of Illinois.

2.  Tina Bishop is a resident of Spartanburg County, South Carolina.

3.  Gettys Bryant Millwood is a resident of Spartanburg County, South Carolina.

### JURISDICTION

4.  There is complete diversity between the parties pursuant to 28 U.S.C. §1332 as the Plaintiff and the Defendants are citizens of different states.

5.  The amount in controversy exceeds the sum of $75,000.00.

## FACTS

6.   On May 1, 1988, State Farm Mutual Life Insurance Company issued a life insurance policy assigned Policy No. LF-0939-234900 (hereinafter "the Policy") with a death benefit of $100,000 for Jane W. Millwood.  The principal insured/owner of the Policy was Gettys Bryant Millwood and the policy lists Jane W. Millwood as an additional insured.  A copy of the Policy is attached hereto as Exhibit A.

7.   The application for the Policy designated Gettys Bryant Millwood as the owner and also designated him as Jane W. Millwood's primary beneficiary, with Tina A. Bishop designated as successor and Lyndon B. Millwood as the final successor.

8.   Upon information and belief, Gettys Bryant Millwood and Jane W. Millwood received a divorce in August of 2002.

9.   No change of beneficiary form was completed as to the additional insured, Jane W. Millwood.

10. Upon information and belief, Jane W. Millwood passed away on September 6, 2016.  A copy of the death certificate is attached hereto as Exhibit B.

11. On September 16, 2016, State Farm received a life insurance claim form from Gettys Bryant Millwood.  A copy of the life insurance claim form is attached hereto as Exhibit C.

12. On November 7, 2016, State Farm received a letter and a life insurance claim form from Jane W. Millwood's daughter, Tina Bishop, alleging that Ms. Millwood's will named her as the primary beneficiary of the additional insured coverage on the policy.  A copy of Ms. Bishop's letter, the life insurance claim form, and Ms. Millwood's will are attached hereto as Exhibit D.

## CAUSE OF ACTION FOR INTERPLEADER

13. The allegations in paragraphs 1 through 12 are incorporated herein.

14. Section 62-2-507(c) of the South Carolina Code, as amended January 1, 2014, provides that, except as provided by the express terms of a governing instrument, a Court order or contract, the divorce of a marriage revokes any revocable beneficiary designation made by a divorced individual to the divorced individual's former spouse. State Farm is unaware at this time whether any such contract or court order addressing the proper beneficiaries of the Policy exists. Additionally, it is questionable whether this statute, as amended, is to be applied retroactively.

15. Gettys Bryant Millwood has maintained that State Farm is required to issue the life insurance proceeds to him as the beneficiary listed on the policy at the time of Ms. Millwood's death, while Tina Bishop maintains that Ms. Millwood intended her to be the primary beneficiary as evidenced by her will. Based upon these facts and the conflicting claims, State Farm is in doubt as to whom to issue payment of the life insurance proceeds and State Farm is, or may be, exposed to multiple liability.

16. State Farm admits its liability under the Policy for payment of the death benefit proceeds, which amount State Farm is and always has been ready, willing, and able to pay to the persons or entity who may be lawfully entitled to receive such death benefits.

17. With the filing of this Interpleader Complaint, State Farm is seeking leave of court to deposit with the registry of the Court the death benefits under the Policy.

18. State Farm further avers that in justice and in equity it should not be compelled to become involved in the dispute of the Defendants, but the Defendants should be ordered to litigate between themselves without in any manner involving State Farm.

19. Pursuant to the filing of this interpleader complaint and §62-2-507(g)(2) of the South Carolina Code, State Farm requests that the Court adjudicate the proper beneficiaries of the death benefit of the Policy.

WHEREFORE, State Farm prays for judgment as follows:

(a) That State Farm be permitted to deposit the disputed death benefit proceeds for the Policy into the registry of the Court for ultimate distribution by order of this Court;

(b) That the Defendants be required to interplead and settle between themselves their rights to the money due under the Policy;

(c) That each of the Defendants be enjoined and restrained from instituting any action against State Farm for recovery of death benefit proceeds;

(d) That upon payment into the registry of the Court of the death benefit proceeds, State Farm be discharged from all liability of any type or kind under the Policy to any of the Defendants, their heirs, assigns, or any other person or entity claiming entitlement to benefits under the Policy;

(e) That State Farm be dismissed from this action with prejudice;

(f) Any further relief this Court deems just and proper.

NELSON MULLINS RILEY & SCARBOROUGH LLP


By: s/CHARLES R. NORRIS
Charles R. Norris
Federal Bar No. 2549
E-Mail: charles.norris@nelsonmullins.com
Robert W. Whelan
Federal Bar No. 9242
E-Mail: robert.whelan@nelsonmullins.com
151 Meeting Street / Sixth Floor
Post Office Box 1806 (29402-1806)
Charleston, SC  29401-2239
(843) 853-5200

Attorneys for State Farm Life Insurance Company

Charleston, South Carolina
January 6, 2017